## Commonwealth v. Otto

*Oliver E. Mattas, Jr., District Attorney,* for Commonwealth.
*Allen E. Gibboney,* for defendant.

PEOPLES, *P.J.,* October 19, 1981—On October 30, 1980, officers of the Police Department of the City of Altoona appeared before District Magistrate Thomas P. Kilcoyne and procured the issuance of a criminal complaint against defendant, Clifford S. Otto, wherein they charged to Mr. Otto the crimes of rape and incest. A preliminary hearing regarding those charges was scheduled for November 10, 1980, and on that date defendant appeared before Magistrate Kilcoyne and indicated that he had not

been notified of the hearing and further that he was not represented by legal counsel. Under these circumstances, the preliminary hearing was continued in order to afford defendant the opportunity to obtain legal representation. The preliminary hearing was rescheduled to occur on November 26, 1980, and on that date defendant appeared accompanied by Allen Gibboney, Esq., who registered a protest with the district magistrate that defendant had not been accorded a preliminary hearing within the three to ten day period prescribed by the rules of criminal procedure. Faced with this objection by Attorney Gibboney, the prosecuting officers contacted the District Attorney of Blair County, Oliver E. Mattas, Jr., Esq., who advised them to withdraw their criminal complaint and to re-file the complaint immediately.

In accord with the instructions given them by the district attorney, the prosecuting officers withdrew their complaint against defendant on November 26, 1980, and on that same date they filed a new criminal complaint wherein they charged defendant with precisely the same criminal offenses, namely, rape and incest, and wherein they alleged the same facts as those which had been contained in the original criminal complaint. Preliminary hearing regarding the re-filed criminal complaint was scheduled for December 4, 1980, and on that date, Attorney Gibboney again appeared with defendant and raised objection to the interpreter who had been furnished for purposes of the hearing by the Commonwealth for the reason that the victim of the alleged crimes, namely, Doris Ann Otto, is deaf and unable to communicate by the spoken word. Thereafter a preliminary hearing regarding the re-filed criminal complaint was, in fact, held on December 11, 1980, and at its conclusion District

Magistrate Kilcoyne determined that the Commonwealth had shown a prima facie case as to each of the criminal charges alleged against defendant.

A criminal information charging to defendant the crimes of rape and incest was duly filed by the District Attorney of Blair County in the Office of the Prothonotary of Blair County on January 2, 1981, and defendant was formally arraigned before this court on January 12, 1981, in connection with those charges. At that time, defendant pleaded not guilty to the charges and demanded to be tried by a jury.

Recognizing that the backlog of criminal cases awaiting trial by jury would prevent the commencement of the trial of defendant prior to the expiration fo the 180th day following the date of the filing of the complaint in this matter, the District Attorney of Blair County on April 24, 1981, filed a petition for extension pursuant to Pa.R.Crim.P. 1100.

That petition of the district attorney was called for hearing before this court on July 8, 1981, and at that time with the consent of counsel for defendant and the district attorney, the hearing was continued to a later date when the court's schedule would permit the reception of evidence regarding the Commonwealth's petition for extension as well as defendant's omnibus pre-trial motion which had been filed on his behalf on January 26, 1981, and which contained a motion to suppress evidence and a motion to quash information wherein defendant challenged the propriety of the Commonwealth's petition for extension. Defendant's motion to quash also challenges the constitutionality of section 4302 (incest) of the Pennsylvania Crimes Code. Counsel for defendant has filed with this court a brief in support of the various contentions raised by

defendant. The District Attorney of Blair County has filed no brief on behalf of the Commonwealth of Pennsylvania. It is likewise noted that defendant has filed a petition to dismiss pursuant to the provisions of Pa.R.Crim.P. 1100 in opposition to the Commonwealth's petition for extension. All of these matters are now before this court for disposition.

From the evidence presented at hearing before this court and from the arguments raised by counsel for defendant and the District Attorney of Blair County as well as from this court's review of the criminal complaint issued out of the Office of District Magistrate Kilcoyne and forwarded to the Office of the District Attorney of Blair County, it is clear that the instant prosecution arises from a criminal complaint filed before Magistrate Kilcoyne on November 26, 1980. Thus, it is equally clear that the allegations contained in the first paragraph of the Commonwealth's petition for extension to the effect that, "The defendant, Clifford S. Otto was arrested on 11/26/80 upon a complaint filed on 10/30/80" is an incorrect statement of the procedural history of this case. In fact, defendant was arrested on November 26, 1980, upon a criminal complaint filed on the same date as hereinbefore recited in this court's review of the history of the case.

From the evidence produced at the hearing as well as from the oral argument offered by counsel for defendant and the District Attorney of Blair County, it also appears clear that the re-filed complaint of November 26, 1980, contained precisely the same criminal charges in the same factual allegations as did its predecessor, the complaint filed on October 30, 1980. From the testimony offered by District Attorney Mattas we conclude that the only

reason for the withdrawal of the first criminal complaint was the district attorney's desire to avoid defendant's procedural objection that he had not been accorded a preliminary hearing within the mandatory three to ten day period. As to whether or not such action was either necessary or prudent, we do not voice opinion; but we are more than fully satisfied that the withdrawal and re-filing of the complaint were not done for the purpose of delaying justice to defendant.

In pertinent part, Pa.R.Crim.P. 1100 subsection (c), provides: "At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial." From a full and complete review of the testimony offered during the hearing as well as the pleadings and arguments offered by counsel in this matter, we are fully satisfied that the Commonwealth of Pennsylvania has completely complied with the quoted mandate of Rule 1100. Clearly, the Commonwealth's petition for extension would have had to be filed on or before the 180th day following November 26, 1980. April 24, 1981, the date upon which the instant petition was filed, is well within that 180-day period. At that date of filing only one criminal complaint against defendant existed, namely, that which was filed on November 26, 1980. Fully recognizing that the first paragraph of the Commonwealth's petition indicates that the complaint was filed on October 30, 1980, we are firmly of the opinion that neither the intent nor the spirit of Rule 1100 is such that it should be interpreted to bring about the dismissal of criminal charges against defendant due to an erroneous allegation contained in the Commonwealth's petition. Accordingly, we can find no merit

in defendant's argument for dismissal pursuant to the provisions of Rule 1100 and we believe that that petition for dismissal must be denied and dismissed.

In connection with the Commonwealth's petition for extension we note that with the consent of counsel for defendant, the transcripts of testimony developed during Rule 1100 hearings in the cases of Com. v. Strayer, C.A. no. 438, 1980 Com. v. Leroux, C.A. no. 699, 1980 and Com. v. Drost C.A. no. 378, 1981 have been incorporated by reference into this proceeding. This court's familiarity with the aforementioned transcripts of testimony leads us to the conclusion that the Commonwealth's allegation of "due diligence" as set forth in the instant petition are well-founded. Further, by virtue of this court's personal knowledge of the backlog of cases awaiting hearing in all sectors of this court and the fact that a maximum effort has been and is continuing to be exerted by this court to give first priority to criminal cases (to the great detriment and deprivation of civil litigants) we are fully satisfied that the trial of the instant matter could not have been had earlier than the session of criminal jury trials held during the month of September, 1981. We are likewise satisfied that due to the extreme demand made upon the time of this court by the volume of business coming before it, this dispositional opinion and order could not be prepared and issued in time to permit trial of the case during that September session. Thus, we specifically find that the earliest point in time when the trial of this case might be commenced is the session of criminal jury trials scheduled to begin on October 19, 1981.

At this point it is appropriate to note that on January 26, 1981, defendant filed with this court a

motion for pre-trial discovery inspection wherein he sought an order directing that the district attorney furnish to him disclosures of "scientific tests, expert opinions or other physical or mental examinations of Doris Ann Otto within the possession of the attorney for the Commonwealth." By virtue of the fact that on September 3, 1981, at the hearing held before this court the district attorney furnished to counsel for defendant a copy of a police report from the Commonwealth's file and by virtue of the district attorney's certification that his file contained no reports or opinions of the nature described in defendant's motion, we are satisfied that the question presented by said motion is now moot and, therefore, requires no further discussion here.

Via his omnibus pre-trial motion defendant seeks:

"1. to suppress any testimony "by or on behalf of Doris Ann Otto through one Stan R. Swope . . .";

2. to procure the quash of the criminal information filed against him."

During the hearing held on September 3, 1981, we indicated that we believed that any motion seeking to prevent utilization of the services of Stan R. Swope as an interpreter for Doris Ann Otto on the ground that he is not qualified as an interpreter is premature. We re-affirm that opinion at this time and deny and dismiss the instant motion for suppression of such evidence. At the same time, we make clear to both counsel for defendant and the District Attorney of Blair County that at such time as it is sought to present testimony from Doris Ann Otto at trial, it will be incumbent upon the party seeking to introduce that testimony to present adequate evidence of the qualification of any interpreter who may be produced to assist Miss Otto in her court appearance.

Defendant's motion to quash information in the first instance is founded upon the contention that by virtue of the fact that the original criminal complaint filed on October 30, 1980, was withdrawn, the Commonwealth is barred from proceeding with the instant prosecution in connection with the criminal complaint filed on November 26, 1980. This contention is totally meritless and justifies little or no comment here. The statutory and decisional law of this Commonwealth make clear the fact that such a withdrawal of complaint and re-filing without any determination of defendant's guilt or innocence in connection with the first complaint furnishes absolutely no bar to a subsequent re-filing in connection with the same charges. Certainly, the law is clear that such a withdrawal and re-filing furnishes no basis for a claim of double jeopardy and defendant has neither claimed such jeopardy nor has he cited any law to support his claim that the instant prosecution is now barred.

A further contention advanced by defendant in support of the motion to quash is that he was not accorded a preliminary hearing within the mandatory three to ten day period following the filing of the complaint on November 26, 1980. Here, too, we conclude that defendant's contention is without merit since it is clear that at the time of his arraignment before Magistrate Kilcoyne, a preliminary hearing was scheduled for December 4, 1980, which date is certainly within ten days of the date of his arraignment. We further note that the hearing of December 4, 1980, was actually convened and resulted in a continuance for the reason that defendant objected to the interpreter offered by the Commonwealth to assist the alleged victim, Doris Ann Otto, in her testimony. Under these circumstances, it would be ludicrous to order the dismissal of the instant charges against defendant and we

refuse to do so as we conclude that there has been no violation of the provisions of Pa.R.Crim.P. 140.

Defendant also seeks to quash the criminal information on the contention that section 4302 of the Crimes Code, 18 Pa.C.S.A. §4302 (incest), is unconstitutional, unlawful and unenforceable. That section of the Crimes Code provides as follows:

"A person is guilty of incest, a misdemeanor of the first degree, if he knowingly marries or cohabits or has sexual intercourse with an ancestor or descendant, a brother or sister of the whole or half blood or an uncle, aunt, nephew or niece of the whole blood. The relationships referred to in this section include blood relationships without regard to legitimacy, and relationship of parent and child by adoption."

Our research of the subject of the constitutionality of the incest prohibition contained in the Crimes Code leads to the conclusion that the instant argument of unconstitutionality may be a matter of first instance since we can find no reported decisions on the subject.

In his brief, counsel for defendant has cited no precedent decision bearing directly upon the question of the constitutionality of section 4302. Rather, he has offered for this court's consideration the recent decision by the Supreme Court of Pennsylvania in the case of Com. v. Bonadio, 490 Pa. 91, 415 A. 2d 47 (1980), wherein section 3124 of the Pennsylvania Crimes Code (Voluntary Deviate Sexual Intercourse) was declared unconstitutional as an invalid use of the police power and a denial of equal protection. Defendant suggests that this court take similar action regarding section 4302 through the use of the same logic as that which was

applied by the Supreme Court in Bonadio, supra. In his brief, counsel for defendant argues that "The Commonwealth simply has no basis to regulate sexual activity on the sole basis of family relationship."

We cannot agree that the rationale utilized in Bonadio, supra, is applicable in the instant case and we reject defendant's claim that section 4302 is unconstitutional.

From the very earliest days of the existence of this Commonwealth our laws have prohibited incestuous relationships and provided penal sanctions against the same. It is particularly interesting to note that section 4302 of the Crimes Code, 18 Pa.C.S.A. §4302, is derived from section 230.2 of the Model Penal Code while that same Model Penal Code contains no provision similar to that contained in section 3124 (Voluntary Deviate Sexual Intercourse). It is further interesting to note that a Model Penal Code comment (T.D. No. 4, pp. 276-281) was written in support of legalizing consentual homosexual relations between adults. Our reading of these cited sections of the Model Penal Code leads us to the conclusion that the drafters of the code recognized a harm to be prevented in the case of incestuous relationships while they like the Supreme Court of this Commonwealth saw no illegality in homosexual activities engaged in by consenting adults.

It is well-recognized that the sovereign's exercise of its police power is appropriate and lawful when that power is exercised for the protection and/or preservation of the public health, safety, morals or welfare. In acting to prohibit incestuous relationships, the legislature of this Commonwealth has, in our opinion, done so for the protection of the public health, safety and welfare.

We fully recognize that centuries ago incest was classified as an ecclesiastical crime and not a civil one. The fact that prohibitions of incest are to be found in the Bible (Leviticus) might lead one who is given to hasty conclusions to believe that our present statute represents nothing more than an attempt to legislate morality. We believe that nothing could be further from the truth and our decision here is in no way concerned with any moral issue.

In Bonadio, supra, the Supreme Court of Pennsylvania concluded that section 3124 of Crimes Code (voluntary deviate sexual intercourse) was unconstitutional for the reason that it imposed criminal sanctions upon persons not married to each other who engaged in certain types of conduct which were not deemed criminal when committed between persons who were married to each other. Certainly, that is not the nature of the prohibition imposed by section 4302 (incest) of the code since it prohibits marriage, cohabitation or sexual intercourse between persons having certain blood relationships to each other and between persons related as parent and child by adoption. We are satisfied that section 4302 prohibits incestuous relationships for the reason that the science of genetics clearly forecasts that a child conceived out of such a relationship will more than likely be defective and for the further reason that such consanguineous relationships are virtually certain to lead to family discord and disintegration. Could there be any more important public health, safety and welfare concerns than these? We think not.

We firmly believe that there is a very definite wrong which the incest statute seeks to prevent and we find it impossible to liken or analogize the prohibition of the incest statute with that con-

tained in the statute relating to voluntary deviate sexual intercourse. For all the foregoing reasons, we categorically reject defendant's claim of unconstitutionality and here state that his contention in this regard furnishes no basis upon which his motion to quash the criminal information might be sustained.

Accordingly, we make the following

ORDER

Now, October 19, 1981, for the reasons set forth in the opinion of this court filed to the above-captioned action, we believe the following order to be appropriate:

It is hereby ordered, directed and decreed that the petition of the District Attorney of Blair County pursuant to Pa.R.Crim.P. 1100, wherein he seeks an extension of time for prosecution in this case is granted and the motion of defendant for dismissal of the district attorney's petition for extension is denied and dismissed. In granting the petition of the district attorney we specifically direct that the trial of the instant matter shall be commenced not later than the last day of the session of criminals trials scheduled to commence October 19, 1981.

It is further ordered and directed that defendant's motion to suppress evidence is denied and dismissed.

It is further ordered and directed that defendant's motion to quash information is denied and dismissed.